IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

UNITED STATES OF AMERICA

CRIMINAL NO. JFM-10-0493

v.

STEVEN BLACKWELL

Defendant.

....o0o...

## GOVERNMENTS MEMORANDUM OF LAW IN OPPOSITION TO DEFENDANT'S MOTION FOR A BILL OF PARTICULARS

Now comes the United States of America, by and through undersigned counsel, and does hereby submit the following Memorandum of Law in opposition to motions for a bill of particulars filed herein, and does state as follows:

PRELIMINARY STATEMENT

Defendant Blackwell is charged in a Superseding Indictment with conspiracy to distribute heroin, conspiracy to launder money, and conspiracy to defraud the IRS. He has entered a plea of not guilty to the charges and trial is set for November 28, 2011. Blackwell seeks a Bill of Particulars, alleging that he is "overwhelmed and confused by the general nature of the indictment" and "his alleged role in the offense." He has moved pursuant to Fed. R. Crim. P. 7(f). Under the well-established law of the Fourth Circuit, it is clear that this motion should be denied.

### A. A Bill of Particulars Is Not Warranted Where the Indictment Alleges the Essential Elements of the Crime and Permits Defendants To Prepare a Defense and Plead Double Jeopardy

A defendant is not entitled to a bill of particulars as a matter of right. Wong Tai v. United States, 273 U.S. 77, 82 (1927). Notwithstanding what appears to be the premise underlying defendants' motions, a bill of particulars is not intended to serve as the equivalent of answers to interrogatories in a civil case. Rather, "a bill of particulars is a defendant's means of obtaining specific information about charges brought in a vague or broadly-worded indictment." United States v. Dunnigan, 944 F.2d 178, 181 (4th Cir. 1991), citing United States v. Debrow, 346 U.S. 374, 378 (1953), rev'd on other grounds, 507 U.S. 87 (1993).

As a general matter, an indictment is sufficient if it alleges the essential elements of the crime with which a defendant is charged in a manner that permits the defendant to prepare a defense and plead double jeopardy in any future prosecution for the same offense. Hamling v. United States, 418 U.S. 87, 117 (1974); United States v. Hooker, 841 F.2d 1225, 1227 (4th Cir. 1988); United States v. American Waste Fiber Co., 809 F.2d 1044, 1046 (4th Cir. 1987). As long as the indictment fulfills these purposes, a bill of particulars is unnecessary and its denial does not constitute an abuse of discretion. United States v. Butler, 885 F.2d 195, 199 (4th Cir. 1989); United States v. Jackson, 757 F.2d 1486, 1491 (4th Cir.1985).

If an indictment is deficient, the "purpose of a bill of particulars is to enable the defendant to obtain sufficient information on the nature of the charges against him so that he may prepare for trial, minimize the danger of surprise at trial, and enable him to plead his acquittal or conviction in bar of another prosecution for the same offense." United States v. Schembari, 484 F.2d 931, 934-35 (4th Cir. 1973). Accord United States v. Dulin, 410 F.2d 363, 364 (4th Cir.

1969). But if, as here, the indictment fully complies with the requirements of the Fifth and Sixth Amendments and Fed. R. Crim. P. 7(c), "[a] bill of particulars is not to be used to provide detailed disclosure of the government's evidence in advance of trial." United States v. Automated Med. Lab., Inc., 770 F.2d 399, 405 (4th Cir. 1985); United States v. Fletcher, 74 F.3d 49, 53 (4th Cir.1996). As another circuit has stated:

> . . . A bill of particulars, unlike discovery, is not intended to provide the defendant with the fruits of the government investigation. . . . Rather, it is intended to give the defendant only that minimum of information necessary to permit the defendant to conduct his <u>own</u> investigation.

United States v. Smith, 776 F.2d 1104, 1111 (3d Cir. 1985) (citations omitted; emphasis in original); United States v. Burgin, 621 F.2d 1352, 1359 (5th Cir. 1980), cert. denied, 449 U.S. 1015 (1980) (a bill of particulars "is not designed to compel the government to detailed exposition of its evidence or to explain the legal theories upon which it intends to rely at trial"); Hemphill v. United States, 392 F.2d 45, 49 (8th Cir. 1968) ("[a]cquisition of evidentiary detail is not the function of the bill of particulars"); United States v. Fischbach and Moore, Inc., 576 F. Supp. 1384, 1389 (W.D. Pa. 1983) ("[i]t is well established that a bill of particulars is not to be used by the defendant as a discovery tool, . . . by which defendants obtain disclosure of every detail of the theory and preparation of the government's case. . . ."), aff'd, 750 F.2d 1183 (3d Cir. 1984).

### B. Bill of Particulars Is Not Warranted Where the Government Has Provided Extensive Discovery or Where Defendants Seek To Discover the Government's <u>Trial Theory or Freeze Its Proof</u>

A bill of particulars is even more inappropriate when the government supplements an indictment with extensive discovery. In this case, the United States has provided the defendants

with extensive discovery, including police reports, search warrant affidavits, detailed reports documenting the execution of search warrants and a list of all physical evidence seized during the investigation. A detailed exhibit list with accompanying documents and photographs have been provided to the defense. Additionally, all tangible items seized during the investigation have been available for defense counsel to review whenever they choose to schedule an appointment with the case agent. As the Fourth Circuit held in United States v. SIGMA, 624 F.2d 461, 466 (4th Cir. 1979), such "extensive disclosure by the Government" renders a bill of particulars inappropriate.

Moreover, a motion for a bill of particulars should be denied where the defendant is inappropriately seeking to require the government to "weave the information at its command into the warp of a fully integrated trial theory for the benefit of the defendants." United States v. Addonizio, 451 F.2d 49, 64 (3d Cir. 1971). Similarly, such motions should be denied

> to avoid "freezing" the Government's evidence in advance of trial. Such freezing comes about because of the rule that requires proof at trial to conform to the particulars furnished in a bill.

United States v. Boffa, 513 F. Supp. 444, 485 (D. Del. 1980) (citations omitted). In this case, the defendant seeks to freeze the government's proof by asking for particulars such as the "precise quantity of any illegal substance" involved in the conspiracy, "the identity of each alleged co-conspirator in each alleged transaction, " the number of persons involved with Steven Blackwell in each of the alleged transactions involving the acquisition or distribution of heroin," and so forth. These types of information in the form of a bill of particulars -- which essentially would constitute a dissertation of all of the facts to be proven at trial -- are simply not required or warranted under the governing law.

Additionally, to the extent that the defendants' request for a bill of particulars is based on what is alleged to be a vague and complex indictment, it is important to note that the pleading of overt acts is <u>not</u> required under 21 U.S.C. § 846. Moreover, to the extent that the defendants allege that they are not on notice of the acts and crimes committed by them, such notice has clearly been provided in the discovery materials.

For the foregoing reasons, it is clear that the defendants' motions for a bill of particulars should be denied. In this case, the government has provided the defendants with extensive discovery to which the defendants have had access for several months. The exhibit list amplifies the discovery and further highlights the proof to be produced at trial. Moreover, the indictment complies with the requirement that all essential elements of the alleged crimes be pleaded. Therefore, in light of the case law and the specific circumstances of this case, a bill of particulars is simply not warranted.

WHEREFORE, the United States respectfully requests that the within motions be decided in conformity with the positions set forth herein.

Respectfully submitted,
Rod J. Rosenstein
United States Attorney

_____
James G. Warwick
Assistant United States Attorney
36 South Charles Street
Fourth Floor
Baltimore, Maryland 21201
(410) 209-4800

CERTIFICATE OF SERVICE

This is to certify that on this 22th day of September, 2011, a copy of the foregoing Government's Opposition to Defendants' Motion for a Bill of particulars was electronically filed and notices sent to al counsel of record for the defendants.

                                                     /s/
                                        James G. Warwick
                                        Assistant United States Attorney