In The United States District Court
For The Northern District Of Maryland

Steven Blackwell
    Defendant,

- vs -

Cr. No. 10-493JFM

United States of America
    Plaintiff.
_____/

## Defendant, Blackwell's Motion For A Reduction Of Sentence In Light Of Hughes v. United States

Defendant, Steven Blackwell, acting pro se (hereinafter, "Blackwell"), pursuant to 18 U.S.C. § 3582(c)(2), hereby respectfully moves this Honorable Court for a 2-point reduction of sentence, based on the retroactive effect of Amendment 782 to the United States Sentencing Guidelines ("USSG"), Drug Quantity Table § 2D1.1(c), §1B1.10, and 28 U.S.C. § 994(o) - in light of Hughes v. United States, 201 L. Ed. 72 (2018). He submits the following in support thereof:

1. Blackwell was charged in a three count superseding criminal indictment with conspiracy to distribute 1 kilogram or more of heroin, in violation of 21 U.S.C. § 846, count one; conspiracy to laundry money, in violation of 18 U.S.C. § 1956(h), count two; conspiracy to impeded, impair, obstruct a lawful

1

government function, to wit: the ascertainment, computation, assessment and collection of taxes, in violation of 18 U.S.C. § 371; Count three.

2. On November 23, 2011, Blackwell appeared before the United States District Court for the Northern District of Maryland, at Baltimore, and pled guilty to all three counts as named in the indictment. The Honorable J. Federick Motz, Judge, presided. Thereafter, a Presentence Investigation Report (PSIR) was prepared.

3. There was a written plea agreement consummated in this case. The agreement contained a stipulation of facts and "applicable-advisory guideline range calculations."

4. In the written plea agreement ("WPA"), the parties stipulated that the base offense level for the crime outline in count one was 38, in that, more than 30 kilograms of heroin were distributed during the conspiracy, pursuant to U.S.S.G. § 2D1.1(c). WPA, Id. @ 6-7. The parties agreed/stipulated that a 4 level upward adjustment for an aggravating (leadership-role) in the offense pursuant to U.S.S.G. § 3B1.1(b) was warranted to yield a total offense level of 42. WPA, Id. @ 6-7.

5. The parties further agreed that the base offense level

2

for the crime outline in count two was also 38, pursuant to U.S.S.G. § 2S1.1(a)(1), because the monies allegedly laundered were the proceeds from the sale of narcotic drugs outlined in count one, supra, along with an additional 4 level upward adjustment for the purported aggravating role in the offense, pursuant to § 3B1.1, again reaching a total base offense level of 42, to run concurrent with count one. WPA, Id. @ 7.

6. The parties furthermore agreed that the base offense level for the crime outline in count three was 10, pursuant to U.S.S.G. § 2T1.1(a)(2), because the conspiracy allegedly involved the impeding, obstruction or defeating of a tax. WPA, Id. @ 7.

7. The parties moreover agreed that a 3-point reduction of sentence would be recommended and performed from offense level 42 to 39, for Blackwell's apparent acceptance of responsibility, pursuant to U.S.S.G. § 3E1.1(b). WPA, Id. @ 7.

8. After taking into consideration the aforementioned "applicable guideline range calculations," the parties reached a Rule 11(c)(1)(C) plea ("Type-c agreement"), to concurrent sentences of 240 months' imprisonment with regards to counts one, two, and three combined. WPA, Id. @ 7.

9. On March 27, 2018, the Supreme Court of the United States

recently rendered its decision in Hughes v. United States, 201 L. Ed. 2d 72 (2018). Hughes resolved a circuit split that emerged in the aftermath of Freeman v. United States, 564 U.S. 522 (2011), regarding the extent of a district court's authority to reduce a Rule 11(c)(1)(C) plea prison sentence. Fed. R. Cr. P. 11(c)(1)(C), under 18 U.S.C. § 3582(c)(2), and U.S.S.G. § 1B1.10 (p.s.).

10. Prior to Hughes, the Court of Appeals were divided over what constitutes "the amended guideline range that would have been applicable" to a defendant sentenced under a binding Rule 11(c)(1)(C) plea agreement. Specifically, where the agreement stipulates to a Guidelines range that differs from the one determined by the district court, is the "applicable" range the one set forth in the plea agreement, as outline in Freeman, 564 U.S. at 642 n.8? Or, is the "applicable range" the one independently calculated by the district court in accordance with the Guideline Manual? Id.

11. The Hughes Court concedes with Freeman that "the amended guideline range is the applicable range set forth in the stipulated, type-c agreement, "not the one independently calculated by the district court during sentencing." 201 L. Ed. 2d 72.

4

12. The Fourth Circuit Court of Appeals were one of those circuits which previously held that, "the amended guideline range, is the applicable range independently calculated by the district court, rather than the one stipulated to in the 'type-c agreement.'" See, e.g. U.S. v. Brown, 653 F. 3d 337, 340 (4th Cir. 2010). The stipulated sentence in a Rule 11(c)(1)(C) plea agreement would not ordinarily be eligible for reduction of sentence pursuant to § 3582(c)(2). Id. at 339. See, also, U.S. v. Tindall, 2008 U.S. Dist. LEXIS 62570 (4th Cir.).

13. In U.S. Leonard, 844 F. 3d 102 (2nd Cir. 2016), the Second Circuit Court of Appeals also held that, where the parties to a Rule 11(c)(1)(C) plea agreement calculates the Guidelines range differently than the Court does, the "applicable" range for purposes of § 3582(c)(2) and § 1B1.10 relief is the range determined by the Court, not the range specified in the parties' agreement. 844 F. 3d at 112-16.

14. In Blackwell's case, the parties agreed to the calculations of "advisory guideline ranges." "When a defendant pleads guilty pursuant to Rule 11(c) agreement, his or her eligibility for § 3582(c) relief is contingent upon the role of the defendant's 'advisory guideline ranges' in the agreement." Freeman, 564 U.S. at 537-41.

5

15. The United States Probation Department ("USPD"), reiterated and adopted the "advisory guideline range calculations" in the parties' expressed type-c agreement. PSIR, Id. @ 5-7. According to the USPD, the applicable offense level was 39 after the 3-point reduction for Blackwell's acceptance of responsibility from level 42, at Criminal History Category I, resulting to an "applicable guideline range" of 262 to 327 months, based on the 30 kilograms or more of heroin relied on under § 2D1.1(c)(1) of U.S.S.G. PSIR, Id. @ 8.

16. On January 20, 2012, Judge Motz "[did not]" make an independent calculation of Blackwell's applicable guideline range or sentence. Rather, he relied specifically on the applicable guideline range "agreed upon" by the parties in the type-c agreement, including the 240 months sentence given rise as a result of those calculations. See, Sentencing Minutes, denoted: (Stm)(Stm. @ 4).

17. In light of Hughes, Blackwell has met the threshold § 3582(c)(2) requirements, as his WPA is replete with evidence that the "advisory sentencing guidelines" played a major role in Judge Motz's sentencing disposition, including the type-c agreement, and PSIR.

18. There is no doubt from the perspective of the

6

corroborating evidence that Blackwell was sentenced to a term of imprisonment based on a sentencing range for § 3582(c)(2) relief. Simply, because Judge Motz accepted the recommended term of imprisonment of 240 months, after calculating the applicable guideline range of 262 to 329 months' imprisonment at offense level 39, Criminal History Category I, as reflected in the WPA and PSIR.

19. It can be said, therefore, that the 240 months sentence was a variance or departure below the expressed guideline range of 262 to 329 months. Blackwell's agreed-on 240 months sentence will fall within the "applicable guideline range" of 210 to 262 months, at offense level 37, Criminal History Category I, after applying the 2-point reduction under § 3582(c)(2), in light of Hughes to the retroactive effect of Amendment 782. See, e.g. U.S. v. Dew, 551 F. 3d 204 (4th Cir. 2008). U.S. v. Banks, 2017 U.S. Dist. LEXIS 11042 (4th Cir.). Thus, this § 3582(c)(2) Court should now [re]sentence Blackwell to the low-end of his new applicable guideline range, to "210 months," respectively.

20. Notably, the Supreme Court's decision in Hughes has abrogated the legal rationale outlined in the Fourth Circuit in Brown, and the Second Circuit in Leonard, supra, with regards to whether the applicable guideline range is the one calculated by the district court, not the one agreed upon in the stipulated

Rule 11(c)(1)(C) plea agreement. Therefore, both the Fourth and Second Circuits' legal rationale on the appropriate "eligibility" for § 3582(c)(2) relief under Rule 11(c)(1)(C), is no longer "good law."

21. Pursuant to Hughes, Blackwell is therefore now eligible for a "minus-2" point reduction of sentence, given rise to the retroactive effect of Amendment 782, since Judge Motz [solely] relied on the agreed upon type-c agreement, and not his independent calculations. Hence, since Blackwell is now eligible, he respectfully moves this Honorable Court to treat him like "all similar" situated eligible defendants, and reduce his sentence accordingly.

22. To justify an upward variance, the district court had to differentiate . . . from other defendants within the same heightened Guideline range, not just other defendants convicted of the same crime. Hughes, 201 L. Ed. 2d 72 (federal law aims to ensure that "those who commit crimes of similar severity under similar conditions receive similar sentences") (quoting, Freeman, supra).

23. The laws demands that a court explain why a defendant is treated more harshly than other similarly situated defendants safeguards a fundamental component of justice: disparity in

8

criminal sentencing. See, <u>U.S. v. Booker</u>, 543 U.S. 220 (2005). See, also, <u>Hughes</u>, 201 L. Ed. 2d 72 (sentencing courts "need to avoid unwarranted sentencing disparities").

## Conclusion

Wherefore, premises are considered Blackwell pray that the foregoing relief sought is granted in light of <u>Hughes</u>, supra.

Submitted by,

_____
Steven Blackwell

Declaration

I hereby declare under penalty of perjury that the foregoing statement of facts are true and correct to the best of my knowledge. 28 U.S.C. § 1746.

Dated: 3/23/19              Signature: _[signature]_

## Certificate of Service

I hereby certify that on this **23** day of March, 2019, the foregoing was mailed to the United States District Court, Northern District of Maryland, at Baltimore.

                              Respectfully submitted,

                              *Steven Blackwell*
                              Steven Blackwell

cc: U.S. Attorney's Office
    36 South Charles Street
    Fourth Floor
    Baltimore, Maryland 21201