**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MARYLAND**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | * | |
| **v.** | * | |
| **STEVEN BLACKWELL,** | * | **Criminal No.: JKB-10-493** |
| **Petitioner.** | * | |

**...oOo...**

**GOVERNMENT'S RESPONSE IN OPPOSITION TO**
**PETITION FOR RELIEF PURSUANT TO 18 U.S.C. SECTION 3582(c)**

The United States, by undersigned counsel, files this response to Petitioner's Motion for Reduced Sentence Under 18 U.S.C. § 3582(c)(2) and Amendment 782 to the United States Sentencing Guidelines in light of *Hughes v. United States*, 138 S.Ct. 1765 (2018). ECF Nos. 178, 180. The government agrees that Petitioner is eligible for a sentencing reduction, however, the government requests that this Court exercise its discretion and deny relief based on the factors set forth in 18 U.S.C. § 3553(a).

**BACKGROUND**

Steven Blackwell ("Petitioner") was charged in a three-count superseding indictment with Count One, Conspiracy to Distribute and Possession with Intent to Distribute Heroin, in violation of 21 U.S.C. § 846; Count Two, Conspiracy to Launder Money, in violation of 18 U.S.C. § 1956(h); and Count Three, Conspiracy to Defraud the United States, in violation of 18 U.S.C. § 371. ECF No. 54, Superseding Indictment. On November 23, 2011, Petitioner pled guilty pursuant to Federal Rule of Criminal Procedure 11(c)(1)(C) to all three charged counts.

At sentencing, the Court adopted the factual findings and advisory guideline applications in the presentence report ("PSR") and determined that Petitioner's base offense level was 38 under

1

U.S.S.G. § 2D1.1. Statement of Reasons ("SOR"); PSR at ¶ 18. When combined with the other

guideline applications, Petitioner's final offense level was 39. PSR at ¶ 25. At the established

criminal history category of I, this resulted in an original sentencing range of 262 to 327 months.

PSR at ¶ 40. On January 20, 2012, the Court sentenced Petitioner to a total sentence of 240 months

imprisonment. ECF No. 119, Judgment & Commitment Order. This sentence represented a

variance of 22 months below the bottom of the original guidelines range.

Petitioner now moves this Court to reduce his sentence under 18 U.S.C. § 3582(c) and

Amendment 782 in light of *Hughes v. United States*, 138 S.Ct. 1765 (2018). Specifically,

Petitioner asks this Court to modify his sentence to 210 months, the bottom of the amended

guidelines range. The government agrees that Petitioner is eligible for a sentencing reduction

under § 3582(c)(2) and Amendment 782, but objects to relief on the basis of the factors set forth

at 18 U.S.C. § 3553(a), as explained in this response.

## ARGUMENT

Generally, a Court "may not modify a term of imprisonment once it has been imposed."

18 U.S.C. § 3582(c). Section 3582(c)(2) provides an exception to this general rule in cases where

a defendant "has been sentenced to a term of imprisonment based on a sentencing range that has

subsequently been lowered by the Sentencing Commission."[1] In such cases, § 3582(c)(2)

authorizes a district court to reduce an otherwise final sentence that is based on the amended

provision. 18 U.S.C. § 3582(c)(2); *Dillon v. United States*, 560 U.S. 817, 821 (2010). Any

reduction must be consistent with applicable policy statements issued by the Sentencing

---

[1] Amendment 782 lowered by 2-levels the offense levels associated with the various drug
quantities under Section 2D1.1 of the United States Sentencing Guidelines.

Commission. *Id.*; *See* U.S.S.G. § 1B1.10(a)(1) ("As required by 18 U.S.C. § 3582(c)(2), any such reduction shall be consistent with this policy statement.").

In *Dillon*, the Supreme Court established a two-step inquiry for determining whether and to what extent a reduction is permissible under § 3582(c)(2). *Dillon*, 560 U.S. at 826. At step one, § 3582(c)(2) "requires the court to follow the Commission's instructions in § 1B1.10 to determine the prisoner's eligibility for a sentence modification and the extent of the reduction authorized." *Id.* at 827; U.S.S.G. § 1B1.10(a)(1) ("As required by 18 U.S.C. § 3582(c)(2), any such reduction shall be consistent with this policy statement.").

Mere eligibility for a sentencing reduction does not authorize a reduction in any other component of the sentence, and does not entitle a Petitioner to a reduced term of imprisonment as a matter of right. *See Dillon,* 560 U.S. at 828. Instead the Court must proceed to the second step of the *Dillon* inquiry and "consider any applicable § 3553(a) factors and determine whether, in its discretion, the reduction authorized by reference to the policies relevant at step one is warranted in whole or in part under the particular circumstances of the case." *Id.* at 827; *see also* § 3582(c)(2) (authorizing courts to "reduce the term of imprisonment after considering the factors set forth in section 3553(a) to the extent that they are applicable, if such a reduction is consistent with applicable policy statements issued by the Sentencing Commission.").[2]

Here, the parties are in agreement that Amendment 782 reduced Petitioner's final offense level to 37, resulting in an amended guidelines range of 210 to 262 months.[3] The government objects to relief, however, on the basis of the factors set forth at 18 U.S.C. § 3553(a).

---

[2] In addition to § 3553(a) factors, "[t]he court may consider post-sentencing conduct of the defendant that occurred after imposition of the term of imprisonment." U.S.S.G. § 1B1.10 app. n. (1)(B)(iii).

[3] Petitioner's current sentence of 240 months falls within this amended guidelines range.

## ANALYSIS OF FACTORS UNDER § 3553(a)

The Court must consider the factors set forth in 18 U.S.C. § 3553(a) in determining whether a reduction is warranted and the extent of such reduction. U.S.S.G. §1B1.10, cmt. n.1 (B)(i). Section 3553(a) provides that "[t]he court shall impose a sentence sufficient, but not greater than necessary," to comply with the purposes described in § 3553(a)(2):

(A) to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense;

(B) to afford adequate deterrence to criminal conduct;

(C) to protect the public from further crimes of the defendant; and

(D) to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner.

18 U.S.C. § 3553(a)(2)(A)-(D). In imposing the sentence, the court shall consider *inter alia* "the nature and circumstances of the offense and the history and characteristics of the defendant." 18 U.S.C. § 3553(a)(1).

Here, the history and characteristics of the defendant are an important consideration. Although Petitioner does not have an extensive history of criminal convictions, the criminal activity that led to his arrest and conviction in this case was deeply alarming.

The Federal Bureau of Investigation issued a press release at the time of Petitioner's Indictment, explaining:

> "This investigation has been one of our highest priorities," said U.S. Attorney Rod J. Rosenstein. "Federal prosecutors and agents are working closely with Baltimore City police and prosecutors and focusing resources on suspects believed to be involved in the city's most serious crimes."
>
> […]
>
> Baltimore Police Commissioner Frederick H. Bealefeld said, "Our partnership with the U.S. Attorney's Office and the tenacious work of many Baltimore police officers and FBI agents over the last two years has led to the indictment of Steven

Blackwell on drug conspiracy charges. This indictment represents a milestone achievement in the fight against violent crime in Baltimore."

https://archives.fbi.gov/archives/baltimore/press-releases/2010/ba082510.htm. Petitioner's case garnered substantial public attention due to the continuing violence he unleashed in some of Baltimore's most vulnerable neighborhoods. The Baltimore Sun praised his 20-year sentence, writing:

> Steven "J.R." Blackwell, the leader of an East Baltimore drug conspiracy linked to a yearlong street war with rivals, was sentenced to 20 years in federal prison Friday as part of a guilty plea he struck with prosecutors last fall.
>
> Though he was not charged with any acts of violence, authorities believe Blackwell's organization is tied to a wave of shootings touched off by the abduction in April 2008 of his then-teenage brothers.

http://www.baltimoresun.com/maryland/bs-md-ci-blackwell-sentenced-20120120-story.html

After the abduction by Petitioner's alleged rival, Terrell Allen, "gunmen took revenge with a quadruple shooting outside the Allen & Family Appliance store." *Id*. "Two men, including Allen's father, Tony Allen, 52, were killed, and Terrell Allen was injured," suffering "gunshot wounds to his abdomen, bowel, bladder and legs, and the injuries required extensive surgery." *Id*. "Over the 15 months after the kidnapping, as many as 27 people may have been shot, according to court documents and sources; most of the shootings targeted Blackwell's associates." *Id*.

> The City Paper wrote:
>
> Steven J.R. Blackwell, a discreet and up and coming young drug kingpin before a 2008 kidnapping of two of his younger brothers brought him to public attention, was sentenced today to 20 years in prison, followed by five years of supervised release, for his part in a 6-year conspiracy to distribute heroin. "Local, state and federal law enforcement agencies are working together to target drug dealers whose criminal organizations foment violence," said U.S. Attorney Rod J. Rosenstein in a statement e-mailed to reporters. "Federal drug and tax charges will keep Steven Blackwell in prison for two decades and make the streets of Baltimore more safe." Blackwell, 27, flew quietly under the public's radar for about five years or so as he amassed millions of dollars and a fearsome street reputation. (His father, Steven Sr., is also a drug dealer and was sentenced to federal prison in 2006.) J.R. had not

been arrested since he was a juvenile when, in the spring of 2008, federal law enforcement authorities issued an "amber alert" following the armed kidnapping of two of Blackwell's brothers. J.R. took matters into his own hands and, working through a lawyer, quietly paid a $500,000 ransom. Reportedly, the kidnappers were part of his down line, and they thought Blackwell had been overcharging for the heroin he was bringing down from New York suppliers. Soon after the young Blackwells were safe, bodies started dropping. There was a shooting at the used appliance store run by the alleged kidnappers' family, killing the patriarch. There was the infamous backyard cookout shooting in which 12 people, including J.R. himself, and a pregnant woman, took bullets.

http://www.citypaper.com/bcp-blog-11891-20120120-story.html.

The government believes that Petitioner is a dangerous individual, having led a narcotics trafficking organization – and a murderous vendetta – that wreaked violence throughout Baltimore. Moreover, Petitioner continued his violent behavior in prison, incurring several concerning disciplinary infractions. *See* Exhibit A, BOP Inmate Disciplinary Data. Specifically, Petitioner was cited for threatening bodily harm toward a prison staff member in July 2015 and for assault without serious injury in January 2016. *Id.*

These facts illuminate the nature and circumstances of the offense and the history and characteristics of the defendant, and indicate that he is a violent individual who lacks respect for the law. The government believes that Petitioner's original 240-month sentence was the correct sentence under the factors set forth in 18 U.S.C. § 3553(a). There is no constitutional right to a sentencing reduction. *Dillon,* 560 U.S. 817. It is within the Court's discretion to reduce a sentence, or not, even where eligibility exists. *Id.* at 827. Petitioner remains a danger to society and presents a serious threat to the safety of the public. The sentence originally imposed reflects the seriousness of Petitioner's offenses, promotes respect for the law, and provides just punishment for those offenses. Petitioner's sentence also affords specific and general deterrence to future criminal conduct. The government respectfully requests that this Court deny Petitioner's request that his sentence be reduced.

## CONCLUSION

For the reasons stated herein, the Government respectfully requests that this Honorable

Court DENY Petitioner's motion.

Respectfully submitted,

Robert K. Hur
United States Attorney

By:     _____/s/_____

Ellen E. Cobb
Special Assistant United States Attorney

_____/s/_____

David I. Salem
Assistant United States Attorney

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on July 8, 2019, a copy of the foregoing Response was delivered via ECF to Sapna Mirchandani, Esquire, counsel for the Petitioner.


By: _____/s/_____
Ellen E. Cobb
Special Assistant United States Attorney