FILED: January 16, 2020

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

No. 19-7114
(1:10-cr-00493-JKB-1)

UNITED STATES OF AMERICA

    Plaintiff - Appellee

v.

STEVEN BLACKWELL

    Defendant - Appellant

JUDGMENT

In accordance with the decision of this court, the district court order entered July 19, 2019, is vacated. This case is remanded to the district court for further proceedings consistent with the court's decision.

This judgment shall take effect upon issuance of this court's mandate in accordance with Fed. R. App. P. 41.

/s/ PATRICIA S. CONNOR, CLERK

UNPUBLISHED

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

No. 19-7114

UNITED STATES OF AMERICA,

        Plaintiff - Appellee,

    v.

STEVEN BLACKWELL,

        Defendant - Appellant.

Appeal from the United States District Court for the District of Maryland, at Baltimore. James K. Bredar, Chief District Judge. (1:10-cr-00493-JKB-1)

Submitted: January 9, 2020                                  Decided: January 16, 2020

Before WILKINSON and THACKER, Circuit Judges, and TRAXLER, Senior Circuit Judge.

Vacated and remanded by unpublished per curiam opinion.

James Wyda, Federal Public Defender, Sapna Mirchandani, Appellate Attorney, OFFICE OF THE FEDERAL PUBLIC DEFENDER, Greenbelt, Maryland, for Appellant. Ellen Nazmy, Special Assistant United States Attorney, Lauren Konczos, Volunteer Student Law Clerk, OFFICE OF THE UNITED STATES ATTORNEY, Greenbelt, Maryland, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Steven Blackwell appeals the district court's order denying his 18 U.S.C. § 3582(c)(2) (2018) motion for a sentence reduction based on Sentencing Guidelines Amendment 782. On appeal, Blackwell primarily challenges the sufficiency of the district court's explanation. For the reasons that follow, we vacate and remand.

"[A] sentence modification is not a plenary resentencing proceeding," *United States v. Martin*, 916 F.3d 389, 396 (4th Cir. 2019) (internal quotation marks omitted), and, "absent a contrary indication, we presume a district court deciding a § 3582(c)(2) motion has considered the 18 U.S.C. § 3553(a) [(2018)] factors and other pertinent matters before it," *United States v. Smalls*, 720 F.3d 193, 195-96 (4th Cir. 2013) (internal quotation marks omitted) (citing *United States v. Legree*, 205 F.3d 724, 728-29 (4th Cir. 2000)). However, a defendant may use mitigating evidence to rebut this presumption, *Martin*, 916 F.3d at 396, at which point the district court must then provide the defendant with an individualized explanation for its resolution of the motion, *id.* at 397. And while the issue of a defendant's entitlement to a sentence reduction remains committed to the district court's sound discretion, *see id.* at 395, "a district court cannot ignore a host of mitigation evidence and summarily deny a motion to reduce a sentence and leave both the defendant and the appellate court in the dark as to the reasons for its decision," *id.* at 398. Whether the district court was required to provide an individualized explanation for its § 3582(c)(2) decision is a question of law we review de novo. *Id.* at 395.

Here, Blackwell argued that he deserved a sentence reduction in view of the substantial progress he had made during his incarceration, including earning his GED,

2

moving down to the lowest security classification, serving as an orderly in the prison's recreational facility, and receiving positive reviews from his case manager and prison counselor. In opposition, the Government asserted that Blackwell, who stood convicted of three nominally nonviolent conspiracies, involved himself in several episodes of serious, gang-related violence prior to his arrest. In reply, Blackwell maintained that such allegations—taken from various media reports—were outside the scope of the factual narrative to which the parties agreed during the underlying plea proceedings. In a summary order, the district court denied the motion, noting its "consideration of the full scope of the record, particularly the circumstances agreed by the parties at the time of the conviction." (J.A.[1] 88).

We conclude that Blackwell's submission of several pieces of post-sentencing mitigation evidence adequately rebutted the so-called *Legree* presumption, thus requiring the district court to provide an individualized explanation for its denial of the § 3582(c)(2) motion.[2] Furthermore, exercising our broad discretion when reviewing § 3582(c)(2) orders, *Martin*, 916 F.3d at 398, we observe other deficiencies in the court's order that warrant clarification on remand. First, we are unable to discern what the court meant when alluding to the "circumstances agreed by the parties at the time of the conviction." (J.A.

---

[1] Citations to "J.A." refer to the joint appendix filed by the parties in this appeal.

[2] We note that the Government has disputed some of Blackwell's evidence, thereby providing additional reason for the district court to explain its decision. *See Martin*, 916 F.3d at 396 (indicating that motion's complexity weighs in favor of individualized explanation).

3

88). Insofar as the court intended to refer to the factual findings laid out in the presentence report and adopted at sentencing, we note that a mere "recitation of [the defendant's] original criminal behavior . . . is not the standard . . . for sentence-reduction motions." *Martin*, 916 F.3d at 397. In addition, the court's summary order leaves unanswered whether the court credited the media accounts of Blackwell's violent past and, if so, whether reliance on such evidence was permissible.

Accordingly, we vacate the district court's order and remand so that the district court can provide "a more robust and detailed explanation for why it denied [Blackwell's] motion to reduce." *Id.* at 396. We of course express no view on the merits of that motion. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*VACATED AND REMANDED*

4

FILED: January 16, 2020

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

No. 19-7114,   US v. Steven Blackwell
1:10-cr-00493-JKB-1

NOTICE OF JUDGMENT

Judgment was entered on this date in accordance with Fed. R. App. P. 36. Please be advised of the following time periods:

**PETITION FOR WRIT OF CERTIORARI:** To be timely, a petition for certiorari must be filed in the United States Supreme Court within 90 days of this court's entry of judgment. The time does not run from issuance of the mandate. If a petition for panel or en banc rehearing is timely filed, the time runs from denial of that petition. Review on writ of certiorari is not a matter of right, but of judicial discretion, and will be granted only for compelling reasons. (www.supremecourt.gov)

**VOUCHERS FOR PAYMENT OF APPOINTED OR ASSIGNED COUNSEL:** Vouchers must be submitted within 60 days of entry of judgment or denial of rehearing, whichever is later. If counsel files a petition for certiorari, the 60-day period runs from filing the certiorari petition. (Loc. R. 46(d)). If payment is being made from CJA funds, counsel should submit the CJA 20 or CJA 30 Voucher through the CJA eVoucher system. In cases not covered by the Criminal Justice Act, counsel should submit the Assigned Counsel Voucher to the clerk's office for payment from the Attorney Admission Fund. An Assigned Counsel Voucher will be sent to counsel shortly after entry of judgment. Forms and instructions are also available on the court's web site, www.ca4.uscourts.gov, or from the clerk's office.

**BILL OF COSTS:** A party to whom costs are allowable, who desires taxation of costs, shall file a Bill of Costs within 14 calendar days of entry of judgment. (FRAP 39, Loc. R. 39(b)).

**PETITION FOR REHEARING AND PETITION FOR REHEARING EN BANC:** A petition for rehearing must be filed within 14 calendar days after entry of judgment, except that in civil cases in which the United States or its officer or agency is a party, the petition must be filed within 45 days after entry of judgment. A petition for rehearing en banc must be filed within the same time limits and in the same document as the petition for rehearing and must be clearly identified in the title. The only grounds for an extension of time to file a petition for rehearing are the death or serious illness of counsel or a family member (or of a party or family member in pro se cases) or an extraordinary circumstance wholly beyond the control of counsel or a party proceeding without counsel.

Each case number to which the petition applies must be listed on the petition and included in the docket entry to identify the cases to which the petition applies. A timely filed petition for rehearing or petition for rehearing en banc stays the mandate and tolls the running of time for filing a petition for writ of certiorari. In consolidated criminal appeals, the filing of a petition for rehearing does not stay the mandate as to co-defendants not joining in the petition for rehearing. In consolidated civil appeals arising from the same civil action, the court's mandate will issue at the same time in all appeals.

A petition for rehearing must contain an introduction stating that, in counsel's judgment, one or more of the following situations exist: (1) a material factual or legal matter was overlooked; (2) a change in the law occurred after submission of the case and was overlooked; (3) the opinion conflicts with a decision of the U.S. Supreme Court, this court, or another court of appeals, and the conflict was not addressed; or (4) the case involves one or more questions of exceptional importance. A petition for rehearing, with or without a petition for rehearing en banc, may not exceed 3900 words if prepared by computer and may not exceed 15 pages if handwritten or prepared on a typewriter. Copies are not required unless requested by the court. (FRAP 35 & 40, Loc. R. 40(c)).

**MANDATE:** In original proceedings before this court, there is no mandate. Unless the court shortens or extends the time, in all other cases, the mandate issues 7 days after the expiration of the time for filing a petition for rehearing. A timely petition for rehearing, petition for rehearing en banc, or motion to stay the mandate will stay issuance of the mandate. If the petition or motion is denied, the mandate will issue 7 days later. A motion to stay the mandate will ordinarily be denied, unless the motion presents a substantial question or otherwise sets forth good or probable cause for a stay. (FRAP 41, Loc. R. 41).