**OFFICE OF THE FEDERAL PUBLIC DEFENDER**
**DISTRICT OF MARYLAND**
SOUTHERN DIVISION
6411 IVY LANE, SUITE 710
GREENBELT, MARYLAND   20770
TEL: (301) 344-0600
FAX: (301) 344-0019

JAMES WYDA
FEDERAL PUBLIC DEFENDER

February 12, 2020

Chief Judge James K. Bredar
United States District Judge
United District Court for the District of Maryland
101 West Lombard Street
Baltimore, MD 21201

    Re:    <u>*United States v. Steven Blackwell,* Case No. JKB-10-0493</u>

Dear Chief Judge Bredar:

    Mr. Blackwell writes to renew his Motion for a Reduced Sentence under 18 U.S.C. § 3582(c)(2) and Amendment 782 in light of the Supreme Court's decision in *Hughes v. United States*, 138 S.Ct. 1765 (2018) (ECF 180). On January 16, 2020, the Fourth Circuit Court of Appeals vacated this court's order denying Mr. Blackwell's motion (ECF 184) and remanded the case to Your Honor. (ECF 189). Upon issuance of the mandate on February 7, 2020, the Fourth Circuit's order took effect. *United States v. Steven Blackwell*, No. 19-7114 (4th Cir. Feb. 7, 2020) (ECF 27).

    Mr. Blackwell defers to the court's view of the most expeditious way to proceed. In light of the fact that the issues previously were squarely presented and comprehensively briefed with a motion, opposition, and reply (ECF 180, 182, 183) in this court, as well as an opening brief, opposition brief and reply brief in the Court of Appeals (ECF 12, 20, 22), Mr. Blackwell does not believe it is necessary for an additional round of briefing before this court.

    He adopts the arguments previously made in furtherance of his request for a 210-month sentence, a 30-month reduction from the sentence imposed under the pre-2014 version of the sentencing guidelines. This sentence will still require Mr. Blackwell to serve several more years in Bureau of Prisons custody even though Mr. Blackwell is not deemed a threat to public safety.

    Moreover, granting Mr. Blackwell's request will not undermine the importance of plea agreements in our criminal justice system: Congress explicitly provided for a retroactive sentencing reduction mechanism by passing § 3582(c)(2). This provision applies regardless of whether the defendant proceeded to trial or was one of the overwhelming number of defendants who opted to plead guilty. (It would seem anomalous to treat defendants who entered guilty pleas harsher than defendants who proceeded to trial.) Furthermore, in *Hughes*, the Supreme Court specifically held that § 3582(c)(2) was applicable to defendants, like Mr. Blackwell, whose Rule

11(c)(1)(C) plea agreements were based on guidelines that have since changed. Cognizant of both the Equal Protection and fiscal concerns with severe guidelines in drug cases, Amendment 782 reduced the drug guidelines by two levels — a modest, but important, step in federal sentencing reform. While the court most certainly has the authority to decline to take a Rule 11(c)(1)(C) plea, once the plea is voluntarily received, a court should not render subsequent changes in the law applicable to similarly-situated defendants, unavailable to defendants such as Mr. Blackwell. Mr. Blackwell seeks only what Mr. Hughes received, as well as numerous defendants both nationwide and in this district have received.

For the reasons previously stated, Mr. Blackwell is both eligible for relief under Amendment 782 and, upon consideration of the familiar factors set forth in § 18 U.S.C. § 3553(a), worthy of being sentenced under this amendment. Accordingly, Mr. Blackwell respectfully requests that the court reduce his sentence his current sentence of 240 months to 210 months, the low-end of the now-applicable guideline range. Thank you for your thoughtful consideration of this matter.

                                              Sincerely,
                                                /s/
                                            James Wyda

cc:    David I. Salem, Assistant United States Attorney
        Ellen Cobb, Special Assistant United States Attorney