IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

<table>
<tr><td></td><td>*</td><td></td></tr>
<tr><td>UNITED STATES OF AMERICA,</td><td>*</td><td></td></tr>
<tr><td></td><td>*</td><td></td></tr>
<tr><td>v.</td><td>*</td><td></td></tr>
<tr><td></td><td>*</td><td>Crim. No. JKB-10-493</td></tr>
<tr><td>STEVEN BLACKWELL,</td><td>*</td><td></td></tr>
<tr><td>Defendant.</td><td>*</td><td></td></tr>
<tr><td></td><td>*</td><td></td></tr>
</table>

*   *   *   *   *   *   *   *   *   *   *   *   *   *   *   *   *   *   *

## MEMORANDUM AND ORDER

Before the Court is Mr. Blackwell's Motion for Compassionate Release (ECF No. 197). For the reasons stated herein, the Motion will be denied.

## I.   BACKGROUND

In 2012, Mr. Blackwell pled guilty to "Conspiracy to Distribute one kilogram or more of heroin, in violation of 21 U.S.C. § 846; Conspiracy to Launder Money, in violation of 18 U.S.C. § 1956(h); and Conspiracy to Impede, Impair, Obstruct a Lawful Government Function, to wit: the ascertainment, computation, assessment and collection of taxes, in violation of 18 U.S.C. § 371." (ECF No. 114 at 1.)  In his plea agreement, he admitted to having a leadership role in a conspiracy to distribute heroin. (*Id.* at 6.)  The conspiracy acquired and then distributed at least 30 kilograms of heroin and then laundered the profits through various schemes. (*Id.* at 5–6.)  Mr. Blackwell derived millions of dollars in profits from his role in the conspiracy. (*Id.*)  Mr. Blackwell was sentenced to 240 months of incarceration, to be followed by 5 years of supervised release. (ECF No. 119.)

Mr. Blackwell previously moved this Court to reduce his sentence based on Amendment 782 to the Sentencing Guidelines. (ECF No. 178.) He further cited his exemplary prison record, that his co-defendants had since been released, and that he was not charged with or convicted of any violent offense or conduct. (ECF Nos. 180, 183.) The Court denied that motion. *United States v. Blackwell*, Crim. No. JKB-10-0493, 2020 WL 833571 (D. Md. Feb. 19, 2020). Specifically, the Court previously found that, although Mr. Blackwell was eligible for a sentence reduction, his 240-month sentence continued to be appropriate under § 3553. *Id.* at \*1 ("Any sentence lower than the one he is currently serving would not be sufficient under 18 U.S.C. § 3553 in light of the criteria set out there, even taking into account his positive post-conviction conduct, and without any consideration whatsoever to any extra-record press releases and media reports.")

## II.    ANALYSIS

Motions for compassionate release are governed by 18 U.S.C. § 3582(c)(1)(A). Under this provision, a district court may modify a sentence imposed after conviction when "extraordinary and compelling reasons warrant such a reduction" and the court has "consider[ed] the [sentencing] factors set forth in section 3553(a) to the extent that they are applicable." 18 U.S.C. § 3582(c)(1)(A). The § 3553(a) factors require the Court to impose "a sentence sufficient, but not greater than necessary," after considering (1) the nature and circumstances of the offense and the history and characteristics of the defendant, (2) the need for the sentence imposed to, *inter alia*, reflect the seriousness of the offense, promote respect for the law, deter criminal conduct, and protect the public, (3) the kinds of sentences available, (4) applicable Sentencing Guidelines, (5) any pertinent policy statement issued by the Sentencing Commission, (6) the need to avoid unwarranted sentencing disparities, and (7) the need to provide restitution to any victims.

2

Regardless of whether Mr. Blackwell has presented any extraordinary and compelling justification for release, the § 3553(a) factors do not permit this Court to modify his sentence. The Court weighed the § 3553(a) factors in 2020 and the Court expressly incorporates those findings here. The Court again acknowledges all of Mr. Blackwell's evidence of rehabilitation offered in his previous Motion (ECF No. 178). The Court also notes that Mr. Blackwell does not appear to be a danger to the community at this time. *Blackwell*, 2020 WL 833571, at \*3 ("[T]he recent submission suggests that the Defendant is no longer being held in a secure facility.") Both factors weigh in favor leniency.

However, as the Court previously concluded, those factors are far outweighed by the nature and circumstances of the offense, seriousness of the offense, need to promote respect for the law, need to provide just punishment, and need for deterrence. Mr. Blackwell "played a leadership role in a massive heroin distribution ring which brought him millions of dollars." *Id.* at \*2. He netted "obscene profits" while his product "poisoned drug users in Baltimore." *Id.* "[T]he sheer scale" of his drug distribution distinguishes him from the "vast majority of drug distributors." *Id.* Illegal drug distribution is a serious offense, particularly when conducted at this magnitude. While mid- and low-level distributors ought not be sentenced to decades in prison, as doing so would be "disproportionate to their true culpability," Mr. Blackwell is "in a different category." *Id.* He exploited hundreds, if not thousands, of drug users in Baltimore and his "just punishment is severe" and "only a lengthy term of incarceration will promote respect for the law." *Id.* Further, lengthy imprisonment is necessary to deter both Mr. Blackwell and others from engaging in "this lucrative but illegal trade." *Id.* at 3.

As the Court previously noted, the 240-month sentence "falls somewhere near the middle of the" Guidelines range that would be applicable today, and so is "not inappropriately disparate

3

from the sentences imposed on others with similar records and culpability." *Id.*; *see also United States v. Smith*, Crim No. JKB-12-479, 2024 WL 733221, at *2 n.6 (D. Md. Feb. 21, 2024) (concluding that a 240-month sentence was appropriate considering the § 3553(a) factors given "the scale of [the Defendant's drug] operation and his leadership role in it"). Accordingly, the Court concludes that a sentence of 240 months to be followed by 5 years of supervised released continues to be sufficient but not greater than necessary to satisfy the § 3553(a) factors. Therefore, Mr. Blackwell's Motion will be denied.

## III.    CONCLUSION

For the reasons stated herein, it is ORDERED that:

1. Mr. Blackwell's Motion for Compassionate Release (ECF No. 197) is DENIED; and

2. The Clerk of Court shall MAIL a copy of this Memorandum and Order to Mr. Blackwell.

DATED this ___ day of May, 2024.

BY THE COURT:

James K. Bredar
United States District Judge

4